United States Bankruptcy Court
Northern District of Illinois
Eastern Division

| | |
|---|---|
| In re:<br><br>Adriana Velazquez and Daniel Velazquez<br><br>Debtors. | Case No. 16-17000<br><br>Chapter 13 |

## MEMORANDUM OF DECISION ON DEBTORS' OBJECTION TO CLAIM NO. 6 [DKT. NO. 31]

Adriana Velazquez and Daniel Velazquez ("Debtors") object to allowance of Claim No. 6 of Salvador Sanchez. Debtors filed a joint petition for relief under Chapter 13 of the Bankruptcy Code on May 19, 2016. The deadline for creditors to file a proof of claim in the Debtors' bankruptcy claim was September 19, 2016. (*See* Notice of Chapter 13 Bankruptcy Case, Dkt. No. 8, item 8.) On July 20, 2016, Salvador Sanchez filed a Proof of Claim (*see* Claim No. 6-1).

The Proof of Claim asserts an unsecured claim of $31,893.20, the basis of which is described as "Wages owed, defamation, attorney fees and expenses." (Claim No. 6-1, items 7–9.) Said claim is asserted to be partially entitled to priority under 11 U.S.C. § 507(a) in the statutorily prescribed limit of $12,850.00 for wages earned within 180 days before the bankruptcy petition is filed. (Claim No. 6-1, item 12.) The Proof of Claim attaches copy of the Findings, Report and Recommendation of a United States Magistrate Judge in the Northern District of Indiana recommending that the District Court enter judgment in favor of the plaintiff in that action, Salvador Sanchez, and against the defendants, Grillers, Inc. and Daniel Velazquez, in the amount of $31,893.20 for claims of retaliation and unpaid wages, and against Daniel Velazquez individually on the plaintiff's defamation claim in the amount of $10,000.00.

Debtors object to allowance of Claim No. 6 on two primary bases: (1) "Salvador Sanchez failed to file a complaint to challenge the dischargeability of his claim before the August 19, 2016 deadline" (Objection ¶ 8), and (2) the Proof of Claim fails to allege a

debt that could be nondischargeable under § 523(a)(6) (*see* Objection ¶¶ 10–14). These and other arguments raised or attempted to be raised by Debtors in challenging allowance of Claim No. 6 have no merit, and no basis for disallowance of Claim No. 6, in whole or in part, has been shown.

Objections to allowance of claims are governed by 11 U.S.C. § 502. Under § 502(a), claims of creditors who file a proof of claim are "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). Bankruptcy Rule 3001 defines a proof of claim as a "written statement setting forth a creditor's claim" and requires such proof of claim to "conform substantially to the appropriate Official Form." Fed. R. Bankr. P. 3001(a). A proof of claim filed in accordance with Bankruptcy Rule 3001 constitutes *prima facie* evidence of the validity and the amount of the claim. Fed. R. Bankr. P. 3001(f). If a claim is objected to, the bankruptcy court should determine the amount of the claim as of the date the bankruptcy petition was filed, and allow the claim with respect to that amount, except to the extent that grounds for disallowance specified in § 502(b) exist. *See* 11 U.S.C. §§ 502(b)(1)–(9); *Travelers Cas. & Sur. Co. of America v. Pac. Gas & Elec. Co.*, 549 U.S. 443, 452 (2007) (recognizing the general presumption that "claims enforceable under applicable state law will be allowed in bankruptcy unless they are expressly disallowed." (citing 11 U.S.C. § 502(b))). To rebut the presumption of validity of a claim, an objection must be premised on the grounds for disallowance set forth in § 502(b). *In re Sentinel Mgmt. Group, Inc.*, 417 B.R. 542, 550 (Bankr. N.D. Ill. 2009); *In re Vastag*, 345 B.R. 882, 885 (Bankr. N.D. Ill. 2006); *see also In re Guidry*, 321 B.R. 712, 714 (Bankr. N.D. Ill. 2005) (A proof of claim may not generally be disallowed solely because no supporting evidence was attached).

Debtors in this case have not argued or established any of the grounds for disallowance identified in § 502(b). Other bases for disallowance specified in § 502(d) through (i) do not appear to be at issue, nor do they seem applicable to the type of claim involved here.

Debtors first contend that "Salvador Sanchez failed to file a complaint to challenge the dischargeability of his claim before the August 19, 2016 deadline." (Objection ¶ 8.) That contention is irrelevant. Debtors correctly point out that the deadline for filing a complaint to have a debt excepted from discharge under 11 U.S.C. § 523(a)(2) or (a)(4) was August 19, 2016 (*See* Notice of Chapter 13 Bankruptcy Case, Dkt. No. 8, item 8), and that no complaint challenging dischargeability on those grounds has been filed by Salvador Sanchez. But dischargeability has no bearing on allowance of a claim. *See* 11 U.S.C. §§ 502 (governing allowance and disallowance of claims), 523(a) (specifying types of debts that are excepted from a discharge granted in a bankruptcy case), 1328 (providing for a discharge of all debts "provided for by the plan or disallowed under § 502 . . ." except particular types of debts listed, including those excepted from discharge under § 523(a)(2) or (a)(4)). The only possible consequence of Salvador Sanchez's failure to file a complaint objecting to discharge under § 523(a)(2) or (a)(4) is that his debt will be discharged to the extent it is "provided for by the plan or disallowed under § 502" when and if Debtors become eligible for a discharge under § 1328. However, failure to object to dischargeability of a debt is not a basis for disallowance under § 502.

Debtors' second general contention fails for similar reasons. Debtors argue that the Proof of Claim of Salvador Sanchez fails to allege a nondischargeable debt "for willful and malicious injury by the debtor to another entity or to the property of another entity" (Objection ¶ 10 (referencing 11 U.S.C. § 523(a)(6))). But a Proof of Claim need only allege the creditor's "claim" by submitting proof of such claim in the manner provided for in Official Form 410—nothing else is required. *See* 11 U.S.C. §§ 501, 502; Fed. R. Bankr. P. 3001. "Creditor" is defined to include an "entity that has a claim against the debtor that arose at the time of or before" the debtor's bankruptcy filing. 11 U.S.C. § 101(10)(A). The term "claim," in turn, is broadly defined to mean:

3

> (A) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured . . . .

11 U.S.C. § 101(5). As discussed above, a claim may be allowed and later discharged under § 1328, or it may be allowed and determined to be excepted from a discharge granted under § 1328. To the extent Debtors seeks to object to allowance of Claim No. 6 of Salvador Sanchez, they have failed to adequately state a legal basis for doing so in accordance with 11 U.S.C. § 502.

For these reasons, no basis for sustaining Debtors' Objection to Claim No. 6 of Salvador Sanchez has been shown, and Debtors' request for an order disallowing such claim must be and will be denied by separate order.

ENTER:

Jack B. Schmetterer
United States Bankruptcy Judge

Dated this ___ day of October, 2016

OCT 27 2016

4

16 B 17000
In re: Daniel and Adriana Velazquez

# CERTIFICATE OF SERVICE

I, Dorothy Clay, certify that on October 27, 2016, I caused to be served copies of the foregoing document to the following by electronic service through the Court's CM/ECF system or regular U.S. mail:

*Dorothy Clay*
Judicial Assistant/Deputy Clerk

## Electronic Service through CM/ECF System

Chad M. Hayward
The Law Offices of Chad M. Hayward, P.C.
205 W. Randolph
Suite 1310
Chicago, IL 60606
Counsel for Debtors

Peter C Bastianen
Codilis and Associates
15W030 N. Frontage Rd.
Suite 100
Burr Ridge, IL 60527
Counsel for HSBC Bank USA, N.A. as Trustee on behalf of ACE Securities Corp. Home Equity Loan Trust and for the registered holders of ACE Securities Corp. Home Equity Loan Trust, Series 2006-HE2, Asset Backed Pa

## Service Via Regular First Class Main

McDermott Law Office
9013 Indianapolis Boulevard
Highland, IN 46322
Counsel for Salvador Sanchez